UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA

Quinton McCoy

    Claimant,

vs.

DEPARTMENT OF EDUCATION

    Defendant,

\* Case No. 8:23 cv 1975 CEH-SPF

\* Breach of Contract

\* Fraudulent Misrepresentation

\* Fraudulent Concealment

## COMPLAINT FOR EQUITABLE RELIEF

Quinton McCoy ("Claimant") as an individual, complains and alleges against the Defendant the following:

### JURISDICTION & VENUE

1. This Court has jurisdiction over claims that are based on the federal government's alleged actions or omissions pursuant to 28 USC 1346.

2. The Department of Education is a federal agency therefore this Court has jurisdiction pursuant to 28 USC 2671.

3. Claimant consents to the jurisdiction of this Court for the purpose of maintaining this action therefore personal jurisdiction has been established.

4. Federal courts in the United States have equitable jurisdiction.

### THE PARTIES

5. Claimant is a man who resides in the State of Florida.

6. The Department of Education is a cabinet-level government agency in the United States with its headquarters at 400 Maryland Avenue SW Washington, DC 20202.

### FACTUAL ALLEGATIONS

7. Pursuant to Public Law 96-88 the Department of Education establishes policies relating to federal funds for education, disburses and monitors federal funds relating to education, collects data on American schools, focuses national attention on key education issues, and ensures equal access to education.

1

8. On or about August 12, 2014, the Claimant completed a free application for federal student aid (FAFSA) to apply for financial aid to pursue xhigher education.

9. On or about September 2, 2014, the Claimant signed a Master Promissory Note (MPN).

10. Sometime after the Claimant signed the Master Promissory Note it was used and converted as an asset.

11. The Claimant recently discovered the transaction for the "student loan" was deceitful, misrepresented, and fraudulent.

12. This lawsuit seeks to hold the Department of Education responsible for its unlawful actions and return to Claimant all amounts due and owed to him.

13. The true names, identities, or capacities whether individual, corporate, associate or otherwise, of Defendants DOES 1- through 20, inclusive, are unknown to Claimant who therefore sues said Defendants by such fictitious names. When the true names, identities or capacities, of such factiously designated Defendants are ascertained, Claimant will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

14. Claimant is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner and liable for the events and happenings referred herein, either contractually by a wrongful act, omission, and or conduct, proximately caused Claimant's damages.

15. Claimant is informed and believes and thereon alleges that each of the Defendants were acting as partners, alter egos, successors, or predecessors in interest with knowledge express or implied of each other named defendant.

## COUNT ONE: FRAUDULENT MISREPRESENTATION OF THE MASTER PROMISSORY NOTE

16. Claimant realleges and incorporates by reference, as though fully set forth herein, every allegation set forth in paragraphs 8 through 15 above.

17. On September 2, 2014, Claimant signed the Master Promissory note subject to this action with the false misrepresentation that he was receiving a "student loan".

18. A Master Promissory Note is a legal document that borrowers sign when they take out federal student loans in the United States. It outlines the terms and conditions of the loan, including the borrower's rights and responsibilities, repayment terms, and interest rates.

19. The Master Promissory Note serves as a binding agreement between a borrower and lender.

20. By signing the Master Promissory Note the borrower agrees to repay the loan and any interest that it accrues on it.

21. The financial aid office at the University of Maryland University College presented and prompted the Claimant to sign the Master Promissory Note. The Master Promissory Note contained a chart that lists estimated payments with a calculated fixed interest rate of 8.25%. Based on the representations contained in the Master Promissory Note and the statements made by the financial aid office, Claimant signed the Master Promissory Note under the guise of a loan.

22. The Master Promissory Note states the alleged loans were made under the William D. Ford Federal Direct Loan Program. A direct loan program is defined as a loan by a bank to its own customer without the use of third parties.

23. The undisputed fact is the Claimant is not a customer of any bank as it relates to student loans.

24. The undisputed fact is the Claimant did not receive a direct loan from any bank.

25. The undisputed fact is the Master Promissory Note does not contain, disclose, or allege the bank that allegedly provided the Claimant with a loan.

26. The undisputed fact is the Department of Education is not a bank and the Claimant is not a customer of the Department of Education.

27. The undisputed fact is the Department of Education is not a lender.

28. The Department of Education is aware that they are not a lender and do not provide "loans" therefore, the misrepresentations of a loan in the Master Promissory Note presented to the Claimant were made with the intention to mislead and deceive the Claimant.

29. The Department of Education is aware that they are not a lender and do not provide loan(s). Therefore, the Master Promissory Note they present and prompt students to sign during their course of everyday business is made with the intention to mislead and deceive all students with which they do business and is harmful to the public.

30. The Department of Education intentionally misrepresented a loan through the Federal Student Aid Office (FSA). They bundle the promissory notes of federal student loans and sell them as securities to investors. Investors who buy these securities are essentially providing upfront funds to the Department of Education.

31. The Department of Education intentionally misrepresented a loan when they gather the alleged loans. They financially gain as the loans are transformed into securities which are financial instruments that represent ownership in the loans' cash flow.

32. As a federal agency, the Claimant relied on the Department of Education to be fair and honest in its business dealings.

33. As a result of the Department of Education's gross, malicious, intentional, and fraudulent deception, the Claimant was economically harmed.

34. When fraudulent misrepresentation occurs in a contract, a legal remedy is rescission.

3

35. In this instance, the Department of Education committed the acts alleged herein maliciously, fraudulently, oppressively, and with the wrongful intention of injuring and depriving the Claimant. Department of Education acted with an improper and evil motive amounting to malice and outrageous conduct. Alternatively, their wrongful conduct was carried out with a conscious reckless disregard for the Claimant's rights. As a result of the Defendant's conduct, the Claimant is entitled to declare the Master Promissory Note void ab intio, recover punitive and exemplary damages in amount commensurate with its wrongful acts, and sufficient to punish and deter future similarly reprehensible conduct.

COUNT TWO BREACH OF CONTRACT

36. Claimant realleges and incorporates by reference, as though fully set forth herein, every allegation set forth in paragraphs 8 through 34 above.

37. The Claimant promised to pay ED all loan amounts disbursed under the Master Promissory Note subject to this complaint.

38. A loan is defined as money advanced to a borrower to be repaid later. A money advance is also known as a cash advance. A cash advance refers to a financial transaction in which an individual borrows a sum of cash from a lender or a financial institution. Cash refers to physical currency and coins that are used as a medium of exchange for goods and services. It's a tangible form of money that people can hold in their hands and use for transactions. Cash is widely accepted for payments and is often used in daily transactions for purchasing goods, services, and other necessities.

39. Disbursed is defined as to pay out or to expend especially from a fund. Disbursed typically refers to the act of distributing or paying out funds from a source such as a lender or organization to a recipient or beneficiary. In context of loans and financial transactions, disbursing funds means transferring the approved loan amount or funds to the intended recipient or account. In summary, the term "disbursed" indicates the actual transfer or distribution of funds from one party's account to another.

40. The Claimant declares that he did not receive any cash from any lender or financial institution, therefore causing a breach of agreement to arise.

41. The Claimant declares that he did not receive any funds disbursed to his account, therefore causing a breach of agreement to arise.

42. The Department of Education has failed to satisfy its burden of proof. The Department of Education has failed to present any documentary evidence that establishes and proves funds being transferred or disbursed from a lender's or financial institution's account to the account of the Claimant, therefore causing a breach of agreement to arise.

43. In this instance the Claimant did not receive a loan therefore this is a direct violation of the contract's terms, by the failure to perform.

44. When a breach of contract occurs, the non-breaching party has legal options to seek remedies such as compensation for financial losses caused by the breach, cancellation and restitution, and recission of the contract.

45. In this instance the Department of Education committed the acts alleged herein maliciously, fraudulently, oppressively, and with the wrongful intention of injuring and depriving the Claimant. They acted with an improper and evil motive amounting to malice and outrageous conduct. Alternatively, their wrongful conduct was carried out with a conscious reckless disregard for the Claimant's rights. As a result of Defendant's conduct, the Claimant is entitled to declare the Master Promissory Note void ab intio, recover punitive and exemplary damages in an amount commensurate with its wrongful acts, and be sufficient to punish and deter future similarly reprehensible conduct.

COUNT THREE: FRAUDULENT CONCEALMENT

46. Claimant realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 8 through 45 above.

47. The Master Promissory note deliberately failed to disclose important information.

48. Fraudulent concealment, also known as fraudulent nondisclosure, is a legal concept that refers to a situation where one party intentionally hides or fails to disclose important information from another party with the intention of misleading or deceiving them. This is considered a form of fraud because it involves intentional misrepresentation by omission rather than by making false statements.

49. The Department of Education intentionally concealed the material fact that the Master Promissory Note would be used for purposes other than evidencing the agreement to repay the alleged student loan.

50. The Department of Education intentionally concealed the material fact that the Master Promissory Note would be converted into a financial asset. Financial assets have a monetary value.

51. The Department of Education intentionally concealed the material fact that the Master Promissory Note has an equal value of cash making the promissory note equal to money(asset.)

52. The Department of Education intentionally concealed the material fact that the Master Promissory Note would be deposited. When a bank receives a deposit the bank debits its asset account "Cash" to increase the amount of cash it holds due to the deposit, the bank also credits its liability account "Deposits" to show that it owes the creditor/customer who deposited the funds. The creditor in this instance is the Claimant.

53. The Department of Education intentionally concealed the material facts listed in paragraphs 48-51 to deceive and mislead the Claimant to avoid repaying the value due and owing to him in the amount of $90,000.00.

54. The Claimant reasonably relied on the Master Promissory Note only being used to evidence the amount owed for the alleged loan received. The Claimant did not know and had reason to reasonably suspect that the Master Promissory Note would be converted into an asset with cash value.

55. The Department of Education had a legal obligation and duty to disclose all material information pursuant to contract law.

56. When one party intentionally hides or fails to disclose important information from another party in order to deceive them, the affected party has the legal grounds to rescind or void the contract.

5

57. In this instance the Department of Education committed the acts alleged herein maliciously, fraudulently, oppressively, and with the wrongful intention of injuring and depriving the Claimant and acted with an improper and evil motive amounting to malice and outrageous conduct. Alternatively, their wrongful conduct was carried out with a conscious reckless disregard of the Claimant rights. As a result of the Defendant's conduct the Claimant is entitled to declare the Master Promissory Note void ab intio , receive restitution, recover punitive and exemplary damages in amount commensurate with its wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

WHEREFORE, Claimant respectfully moves this court for judgment against the Defendant as follows:

1. Declare the Master Promissory Note void ab initio.

2. Actual damage in the amount of $90,000.

3. Punitive damages of $30,000.00

4. Such further relief as the Court deems just and proper.

Respectfully submitted,

Quinton McCoy
15418 Gopher Trop Place
Sun City Center, FL 33573
blesshimq@gmail.com