## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

QUINTON MCCOY,

      Plaintiff,

v.                                  Case No. 8:23-cv-1975-WFJ-SPF

DEPARTMENT OF EDUCATION,

      Defendant.

_____/

## ORDER

Before the Court is Defendant United States Department of Education's ("DOE") Motion to Dismiss (Dkt. 24). Plaintiff Quinton McCoy has not responded, rendering DOE's Motion unopposed. *See* M.D. Fla. Local Rule 3.01(c). Upon careful consideration, the Court grants DOE's Motion. Mr. McCoy's Second Amended Complaint (Dkt. 12) is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Around August 12, 2014, Mr. McCoy applied for financial aid by completing an application for a federal student loan. Dkt. 12 at 2. He was apparently approved. And, on September 2, 2014, he executed a Federal Direct Plus Loan Master

Promissory Note issued under DOE's William D. Ford Federal Direct Loan Program (the "MPN"). Dkt. 12 at 2; *See generally* Dkt. 12-1.

Mr. McCoy "declares that he did not receive any cash or its equivalent from [DOE], therefore causing a breach of contract to arise." Dkt. 12 at 2. According to him, DOE only extended the loan "because they convert private consumer contracts such as the [MPN] into tradeable negotiable instruments, pool, [securities], and sell them to investors for financial gain." *Id.* at 3. He further maintains that the entire "transaction for the 'student loan' was deceitful, misrepresented, and fraudulent." *Id.* at 2.

On September 1, 2023, nearly ten years after executing the MPN, Mr. McCoy filed suit. Dkt. 1. He has since filed an Amended Complaint, Dkt. 9, and a Second Amended Complaint ("SAC"), Dkt. 12. The SAC asserts one breach of contract count pertaining to the MPN. *Id.* at 2–3. Thereunder, Mr. McCoy requests recission of the MPN, a refund of all payments paid by him, and any other appropriate relief. *Id.* at 3.

On June 27, 2024, DOE filed the instant Motion. Dkt. 24. DOE notes that it "has no record of [Mr. McCoy] making any payments related to [the MPN] because the debt was cancelled prior to any funds being disbursed." *Id.* at 2. DOE also contends that Mr. McCoy "has never owed a debt to the United States as a result of" the MPN, and that Mr. McCoy himself "admits that he never received cash or its

equivalent" under the MPN. *Id.* As a result, DOE avers that Mr. McCoy has not suffered an injury sufficient to confer standing, even if the obvious statute of limitations issue could be resolved in his favor. Mr. McCoy has not responded, despite the Court's invitation to do so. *See* Dkt. 25.

## <u>LEGAL STANDARD</u>

A complaint survives dismissal for lack of standing under Federal Rule of Procedure 12(b)(1) in a manner not materially different from that required under Federal Rule of Procedure 12(b)(6). *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). While "mere allegations" viewed in "the light most favorable to the plaintiff" are sufficient for the complaint to withstand a motion to dismiss, "[a] plaintiff at the pleading stage, as the party invoking federal jurisdiction, bears the burden of establishing the[] elements [of standing] by alleging facts that "plausibly" demonstrate each element". *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). These facts are accepted as true at this stage in the proceedings. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). In regard to injury, "[f]actual issues concerning the existence of "injury in fact" are to be resolved much like any other factual issue. . . . Where "injury" and "cause" are not obvious, the plaintiff must plead their existence

in his complaint with a fair degree of specificity." *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 881 (11th Cir. 2000).

At the pleading stage, the Court is limited to the information contained in the pleadings but may consider any exhibits attached to the complaint without converting a defendant's motion to dismiss into one for summary judgment. Fed. R. Civ. P. 10(c); *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if such documents are (1) central to the plaintiff's claim, and (2) undisputed (notwithstanding a challenge to their authenticity). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## DISCUSSION

DOE argues that the Court does not have subject matter jurisdiction because Mr. McCoy: (1) lacks standing, and (2) failed to file suit within the applicable statute of limitations. The Court agrees and therefore finds it unnecessary to address the merits.

### I.    Standing

The first issue before the Court is "whether the complaint alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016); *See Tsao*, 986 F.3d at 1337. Federal courts can only hear cases and controversies, and, by consequence, a

plaintiff must have standing for the Court to have subject matter jurisdiction. *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). To have standing, Mr. McCoy must show that (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the actions of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992).

The SAC fails to allege any facts showing that Mr. McCoy has suffered an injury in fact. To satisfy the injury in fact requirement at the pleading stage, a plaintiff must allege enough facts to demonstrate that the alleged injury is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (citing *Lujan*, 504 U.S. at 560). In other words, Mr. McCoy must provide "general factual allegations that 'plausibly and clearly allege a concrete injury.'" *Tsao*, 986 F.3d at 1337 (quoting *Thole v. U. S. Bank N.A*, 590 U.S. 538, 544 (2020)).

Even when viewing the facts in a light most favorable to Mr. McCoy under the lenient lens afforded to *pro se* plaintiffs, Mr. McCoy's allegations do not establish a cognizable injury. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). In fact, it is unclear what his alleged injury is. The Court will nevertheless consider the possible injuries contained within his allegations.

Mr. McCoy may believe he has financial liability under the MPN which is suggested by his request to rescind the contract and his allegation that he "promised to pay all loan amounts *disbursed* under the MPN." (emphasis added). Dkt. 12 at 2–3. However, his debt to DOE was premised upon disbursement of loans having actually occurred and Mr. McCoy twice alleges that no funds have ever been disbursed to him for the loan in question. *Id*. The MPN specifically states that, "the principal amount that you owe, and are required to repay, will be the sum of all disbursements that are made (unless you . . . cancel any disbursements . . . )." Dkt. 12-1 at 3. And it further articulates that "[b]efore your loan money is disbursed, you may cancel all or part of your loan at any time by notifying the school." *Id.* at 7. Taken together, this language clearly premises repayment requirements upon disbursement as opposed to the signing of the MPN.[1] Mr. McCoy's financial liability under the MPN is nonexistent.

---

[1] Contract terms are evaluated in the context of the contract as a whole and afforded their plain meaning. *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019). Here, DOE expressly uses the term "disbursement" when referring to repayment as opposed to "the date you sign the MPN." Dkt. 12-1 at 3. DOE has demonstrated that it attaches different meanings to each term in the "Notice About Subsequent Loans Made Under This MPN" provision. *Id*. Therefore, its failure to use or add "the date you sign the MPN" in the "Disclosure of Loan Terms" provision while using it in another provision clearly signifies that repayment is not premised on the signing of the agreement, but actual disbursement of funds. *Id*. The plain meaning of disbursement of funds refers to "the act of paying out money especially from a fund." *Disbursement*, Merriam-Webster, https://www.merriam-webster.com/dictionary/disbursement (last visited July. 22, 2024). Since the parties agree that no funds have been disbursed to Mr. McCoy, the language of the MPN confers no injury to Mr. McCoy. Dkt. 12 at 2–3, 19; Dkt. 24 at 2.

Mr. McCoy may also be suggesting that he suffered or will suffer other monetary injury due to DOE's alleged breach. But this argument similarly fails. While financial harm has long been held to satisfy the injury in fact requirement, Mr. McCoy has not directly alleged sustaining such harm. *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 924 (11th Cir. 2023) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 (2021)). Mr. McCoy requests that the Court order a refund of all payments paid by him without ever alleging that he has made any payments towards a loan he never received. Dkt. 12 at 2–3; *See generally* Dkt. 12. Further, he made no allegations that he was notified that payment was due or that anyone, including DOE, has attempted to collect.[2] *See generally* Dkt. 12. The allegations in the complaint are insufficient to establish a monetary injury in fact.

Mr. McCoy has also faced no actual or imminent harm from DOE's failure to provide him with certain documentation (another allegation contained in the SAC), as he is not incurring accumulating debt. Dkt. 12 at 2; *See TransUnion LLC*, 594 U.S. at 14 (finding no "informational injury" where plaintiffs did not identify any "downstream consequences from failing to receive the required information"). Without this, or allegations of actual payment, it is unclear how a lack of documentation has damaged Mr. McCoy. *See Lyons v. Great Lakes Educ. Loan*

---

[2] The MPN states that "your servicer will notify you of the date your first payment is due." Dkt. 12-1 at 7.

*Servs., Inc.*, No. 1:21-CV-01047, 2022 WL 602972, at *6 (D.N.J. Mar. 1, 2022) (holding that plaintiffs "have no concrete harm to confer standing" against loan server because plaintiffs did not dispute that they have not made any payments on their federal student loans). Ultimately, any financial injury Mr. McCoy may believe he incurred as a result of his contract is wholly conjectural and does not meet the requirements for injury in fact.

Finally, Mr. McCoy may believe that his numerous allegations of fraud against DOE are enough to constitute injury. Dkt. 12 at 2–3. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because "an injury in law is not an injury in fact sufficient to confer Article III standing" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *TransUnion*, 141 S. Ct. at 2205. Mr. McCoy, moreover, fails to tie an economic injury, or any injury at all, to the alleged fraudulent behavior of DOE. *See Doss v. Gen. Mills, Inc.*, 816 F. App'x 312, 314 (11th Cir. 2020) (finding no injury where the plaintiff claims to have been misled by a company's printed statements about a product but did not allege paying the company for that product). For these reasons, the Court finds that Mr. McCoy has not established a plausible actual or imminent injury in fact for purposes of Article III standing.

While DOE does not contest causation and redressability, the factual assertions here are clearly inadequate to establish either. *See generally* Dkt. 24. DOE

has not caused Mr. McCoy's injury because he has suffered no injury. There is nothing for the Court to redress because Mr. McCoy is in the same position as he would have been if he had not signed the MPN a decade ago. Again, while the Court holds "the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69. Consequently, Mr. McCoy does not have standing and the Court does not have subject matter jurisdiction.

## II.     Statute of Limitations

Mr. McCoy's claim is also time barred. Sovereign immunity protects the federal government from suit except when expressly waived in statutory text. *United States v. Bormes*, 568 U.S. 6, 9 (2012). When sovereign immunity is waived, such waiver is strictly construed in favor of the sovereign. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Dolan v. U.S. Postal Service*, 546 U.S. 481, 498 (2006). As relevant here, the federal government has only consented to waive its sovereign immunity for contract suits brought within six years of accrual. 28 U.S.C. §1346(a)(2); 28 U.S.C. §2401(a); *Rease v. Harvey*, 238 F. App'x 492, 496 (11th Cir. 2007) (finding claim brought under 28 U.S.C. §1346(a)(2) was barred because it was brought outside of the 2401(a) statute of limitations).

Mr. McCoy has brought his claim more than six years after its accrual. In regard to 2401(a), a claim accrues "when the plaintiff either knew, or in the exercise of reasonable diligence should have known, that [he or she] had a claim." *Izaak Walton League of Am., Inc. v. Kimbell*, 558 F.3d 751, 759 (8th Cir. 2009) (citation omitted). Mr. McCoy signed the MPN on September 2, 2014, and only now claims to have recently discovered that the loan was "deceitful, misrepresented, and fraudulent" approximately a decade after he should have become aware that he never received the money he needed to pay tuition. Dkt. 12 at 2; *See Fed. Land Bank of Omaha v. Duschen Farms Inc.*, 650 F. Supp. 729 (N.D. Iowa 1986) (finding claim regarding a contractual agreement that was made 11 years prior to claim being brought to be time barred where "no apparent activity concerning the alleged agreement and debt ha[d] occurred" in 11 years). A person exercising reasonable diligence should have known that his funds were not dispersed at the time tuition was due in 2014. *See Andersen v. U.S. Dep't of Hous. & Urb. Dev.*, 678 F.3d 626, 629 (8th Cir. 2012) (finding that former federal contractor is time barred from bringing claim challenging 1990 debarment that he claims to have learned about in 2009 because a "reasonably diligent person" would have been aware of the debarment). Mr. McCoy's claim is time barred.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

    (1) DOE's Motion to Dismiss (Dkt. 24) is **GRANTED**.

    (2) Mr. McCoy's Second Amended Complaint (Dkt. 12) is **DISMISSED**

**WITHOUT PREJUDICE.**[3]

    **DONE AND ORDERED** at Tampa, Florida, on July 24, 2024.

                        */s/ William F. Jung*
                        **WILLIAM F. JUNG**
                        **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[3] Dismissal for lack of subject matter jurisdiction is not a judgment on the merits and must be entered without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir.1984).